**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 07-4952**

———————

UNITED STATES OF AMERICA,

　　　　　Plaintiff - Appellee,

　　v.

ROBERT WILLIAM COIT, III,

　　　　　Defendant - Appellant.

———————

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley.　Thomas E. Johnston, District Judge.　(5:04-cr-00129)

———————

Submitted:　March 26, 2008　　　　　Decided:　July 21, 2008

———————

Before MOTZ, GREGORY, and SHEDD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Troy N. Giatras, THE GIATRAS LAW FIRM, PLLC, Charleston, West Virginia, for Appellant.　Charles T. Miller, United States Attorney, John L. File, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert William Coit, III, appeals the district court's judgment revoking his supervised release and sentencing him to fourteen months of imprisonment to be followed by twenty-two months of supervised release. Coit argues that the district court erred in revoking his supervised release because it did not give sufficient weight to family and employment considerations pursuant to 18 U.S.C.A. § 3553 (West 2000 & Supp. 2007). Finding no error, we affirm.

We review a district court's order imposing a sentence after revocation of supervised release for abuse of discretion. United States v. Davis, 53 F.3d 638, 642-43 (4th Cir. 1995). The district court abuses its discretion when it fails or refuses to exercise its discretion or when its exercise of discretion is flawed by an erroneous legal or factual premise. See James v. Jacobson, 6 F.3d 233, 239 (4th Cir. 1993). The district court need only find a violation of a condition of supervised release by a preponderance of the evidence. See 18 U.S.C. § 3583(e)(3) (2000). Other than statements about his family and his employment potential, none of Coit's arguments was presented to the district court during the revocation hearing. We therefore review Coit's assertions of error for plain error. See Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 731-32 (1993); United States v. Carr, 303 F.3d 539, 543 (4th Cir. 2002). Our review of

- 2 -

the record leads us to conclude that the district court did not err or otherwise abuse its discretion in revoking Coit's supervised release.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED